UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YOUSEF MUSTAFA

1:22 CV 06994

Plaintiff,

**COMPLAINT**

-against-

**JURY TRIAL REQUESTED**

JEFFREY INC.

Defendant.
-----------------------------------------------------------------x

## COMPLAINT

Plaintiff Yousef Mustafa (hereafter also referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendant Jeffrey Inc. (hereafter, "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.   Plaintiff is an individual with a mobility disability due to a physiological condition that prevents him from walking.

2.   Unable to ambulate using his musculoskeletal system, Plaintiff uses a wheelchair for mobility.

3.   Plaintiff brings this action because Defendant denies him, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations ("equal access") of the shopping center located at located at the 4569 Amboy Road, Staten Island (hereinafter, the t "4569 Amboy Strip Mall").

4.   Defendant is the owner, operator, and lessor of the 4569 Amboy Strip Mall.

5.  The 4569 Amboy Strip Mall is a place of public accommodation.

6.  As detailed more fully below, Defendant violates each of the laws that prohibit disability discrimination by public accommodations through its ownership, operation, and leasing of the 4569 Amboy Strip Mall.

7.  Upon information and belief, Defendant created architectural elements at the 4569 Amboy Strip Mall that act as barriers to wheelchair access ("architectural barriers").

8.  Defendant maintains architectural barriers at the 4569 Amboy Strip Mall.

9.  The architectural barriers at the 4569 Amboy Strip Mall- for example, the lack of accessible routes to the stores located on the site and the lack of accessible parking spots – obstruct and deny access and entry to the stores for Plaintiff, and other individuals that require wheelchairs, due to disability.

10. By maintaining architectural barriers, Defendant denies Plaintiff equal access to its place of public accommodation, the 4569 Amboy Strip Mall, based on disability.

11. By maintaining architectural barriers, Defendant denies Plaintiff, a disabled wheelchair user, the opportunity to patronize the stores located at the 4569 Amboy Strip Mall, based on disability - an opportunity Defendant makes available to members of the public without mobility disabilities.

12. Defendant discriminates against Plaintiff on the basis of disability as it denies him equal access to the 4569 Amboy Strip Mall due to his use of a wheelchair for mobility.

13. By denying Plaintiff equal access to the 4569 Amboy Strip Mall, Defendant unlawfully discriminates against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations;

2

the New York Human Rights Law ("State HRL"), New York Executive Law ("N.Y. Exec. Law") Article 15; the New York Civil Rights Law, § 40 *et seq*. ("N.Y. CRL"); and the New York City Human Rights Law ("City HRL"), Administrative Code of the City of New York ("N.Y.C. Admin. Code") Title 8.

14. Defendant violates the ADA, the State HRL, the N.Y. CRL and the City HRL (collectively, the "Human Rights Laws") directly and through the actions, of its agents and employees.

15. Defendant is vicariously liable for the acts and omissions of its employees and agents for the conduct alleged herein.

16. Defendant chose to ignore the explicit legal requirements that obligates it to make its place of public accommodation physically accessible and usable by persons with disabilities[1].

17. Upon information and belief, Defendant has received requests to make the 4569 Amboy Strip Mall wheelchair accessible.

18. Upon information and belief, Defendant ignored requests to make the 4569 Amboy Strip Mall wheelchair accessible.

19. By ignoring its obligation to provide an accessible place of public accommodation, Defendant reveals its indifference to Plaintiff's (and other individuals

_____

[1] As used in Plaintiff's Complaint the terms "accessible" and "readily accessible to and usable by" mean that the place of public accommodation complies with the design and construction standards referenced in Plaintiff's Complaint and can be approached, entered, and used by people having physical disabilities.  *See* 42 U.S.C. § 12183, 28 C.F.R. § 36.406, and N.Y.C. Admin. Code § 27-232; and § 28-1102.1.

3

with disabilities') right to equal access to the 4569 Amboy Strip Mall, its place of public accommodation.

20. Plaintiff acts to compel Defendant to comply with the Human Rights Laws.

21. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses, to redress Defendant's unlawful disability discrimination against him in violation of the Human Rights Laws.

22. Plaintiff seeks to have Defendant make the 4569 Amboy Strip Mall physically accessible to and usable by individuals with disabilities.

23. Plaintiff seeks to have the 4569 Amboy Strip Mall made accessible so that he, and others with mobility disabilities, have the opportunity to fully and equally enjoy its goods, services, facilities, privileges, advantages, and accommodations.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as Plaintiff's claims involve federal questions regarding the deprivation of Plaintiff's rights under the ADA.

25. This Court also has supplemental jurisdiction over Plaintiff's State HRL, N.Y. CRL, and City HRL claims pursuant to 28 U.S.C. § 1367(a).

26. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant' discriminatory acts alleged herein occurred in this district and Defendant's place of public accommodation is located in this district.

## PARTIES

### *Plaintiff*

27. Plaintiff suffers from a physiological condition that inhibits his ability to walk.

4

28. Plaintiff is therefore an individual with a disability under the Human Rights Laws.

29. Due to his impairment, Plaintiff uses a wheelchair for mobility.

30. At all times relevant to this action, Plaintiff Yousef Mustafa has been and remains a resident of the State and City of New York.

31. Plaintiff resides on Staten Island.

32. Plaintiff resides within a mile from the 4569 Amboy Strip Mall.

33. The drive time between Plaintiff's residence and the 4569 Amboy Strip Mall is approximately five (5) minutes.

34. Plaintiff visits, or attempts to visit, the 4569 Amboy Strip Mall at least once every four (4) to six (6) weeks.

35. Plaintiff goes to the 4569 Amboy Strip Mall to patronize the stores located on the property.

36. Plaintiff visited the 4569 Amboy Strip Mall during on or about October 2022.

37. Plaintiff was hindered and obstructed from entering the stores at the 4569 Amboy Strip Mall due to architectural barriers, including a lack of accessible parking spots and lack of an accessible route due to a change in level, *i.e.*, a step between the parking lot and pedestrian pathway, as well as obstructions on the pedestrian pathway between the stores.

38. Plaintiff desires to access the stores at the 4569 Amboy Strip Mall.

39. Despite his desire to access 4569 Amboy Strip Mall, Plaintiff is obstructed and deterred from doing so due to the architectural barriers previously noted and detailed in Paragraph 82 herein.

40. Plaintiff either personally observed or has been made aware of, the architectural barriers at the 4569 Amboy Strip Mall detailed in Paragraph 82 herein.

41. The architectural barriers detailed in Paragraph 82 herein exclude Plaintiff, based on disability, from the equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations that Defendant offers to the general public at the 4569 Amboy Strip Mall.

### ***Defendant***

42. Defendant Jeffrey Inc. is a Domestic Business Corporation formed pursuant to the New York Business Corporation Law.

43. Defendant Jeffrey Inc. engages in business in New York.

44. As an entity formed pursuant to the New York Business Corporation Law, Defendant Jeffrey Inc. is not a governmental entity.

45. Defendant Jeffrey Inc. is the owner of 4569 Amboy Strip Mall.

46. Upon information and belief, Defendant Defendant Jeffrey Inc. leases the 4569 Amboy Strip Mall to multiple retail stores located on the property.

47. Upon information and belief, Defendant Jeffrey Inc. has a written agreement of lease with the retail stores located in the 4569 Amboy Strip Mall.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

48. The 4569 Amboy Strip Mall is operated by a private entity as Defendant is not a State or local government; a department, agency, special purpose district, or other instrumentality of a State or local government; or a commuter authority. 42 U.S.C. §§ 12131(1) and 12181(6).

6

49. The operations of the 4569 Amboy Strip Mall affect commerce. 28 C.F.R. § 36.104.

50. The 4569 Amboy Strip Mall located at 4569 Amboy Road is a shopping center within the meaning of the Human Rights Laws, and is therefore a place of public accommodation pursuant to the Human Rights Laws. 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; N.Y. Exec. Law § 292(9); and the N.Y.C. Admin. Code § 8-102.

51. Defendant owns, leases, and operates the 4569 Amboy Strip Mall.

52. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the Human Rights Laws. *2*8 C.F.R. § 36.201(b); *See also* 42 U.S.C. 12182(a); N.Y. Exec. Law §296(2)(a); N.Y.C. Admin. Code § 8-107(4)(a).

53. Defendant Jeffrey Inc., as owner and lessor of the 4569 Amboy Strip Mall is an entity required to comply with the Human Rights Laws. *See Id*.

54. N.Y.C. Admin. Code § 19-152 and § 7-210 impose a non-delegable duty on the owners of real property to repave, reconstruct, repair, and maintain the public sidewalk that abuts its real property.

55. Defendant Jeffrey Inc., as owner of the 4569 Amboy Strip Mall, is required to maintain, repave, reconstruct, and repair the public sidewalk that abuts the 4569 Amboy Strip Mall.

56. Defendant Jeffrey Inc. therefore controls, manages, and operates the parts of the public sidewalk that constitute the public entrance onto the 4569 Amboy Strip Mall site.

57. Numerous architectural barriers at the 4569 Amboy Strip Mall prevent or restrict physical access to Plaintiff and other persons with disabilities.

58. The architectural barriers at the 4569 Amboy Strip Mall include gateway barriers – such as a lack of accessible routes and parking.

59. The gateway barriers at the 4569 Amboy Strip Mall impede Plaintiff and other persons with mobility disabilities from patronizing the retail stores at the 4569 Amboy Strip Mall.

60. Upon information and belief, Defendant renovated, remodeled, and reconstructed the 4569 Amboy Strip Mall at various times after January 26, 1992.

61. Upon information and belief, the renovation, remodeling, and reconstruction work performed to the 4569 Amboy Strip Mall after January 26, 1992, included work to its primary function areas, including paths of travel.

62. The renovation, remodeling and reconstruction work performed to the 4569 Amboy Strip Mall after January 26, 1992, included changes that affected, or which could have affected, the usability of the 4569 Amboy Strip Mall.

63. The 4569 Amboy Strip Mall is therefore "altered" within the meaning of the ADA. *See* 28 C.F.R. 36.402(b)(1).

64. The renovated, remodeled, and reconstructed spaces, areas, and elements of the 4569 Amboy Strip Mall are "altered areas" within the meaning of the ADA. *See Id.*

65. The renovation, remodeling and reconstruction work performed to the 4569 Amboy Strip Mall after January 26, 1992, was done pursuant to architectural drawings that detailed the work that would be performed to the 4569 Amboy Strip Mall. *See* N.Y.C. Admin Code § 27-162 and § 28-104.7.1.

66. Upon information and belief, the architectural drawings specified the dimensions and placement of the architectural elements and fixtures at the 4569 Amboy Strip Mall. *See Id*.

67. Upon information and belief, the architectural drawings detailed the floor plan, layout, location of fixtures, curb cuts entrances, demised spaces, and other architectural elements at the 4569 Amboy Strip Mall. *See Id*.

68. Upon information and belief, the architectural drawings also detailed the legal requirements that were to be complied with in the renovation, remodeling, and reconstruction of the 4569 Amboy Strip Mall. *See Id.*

69. Upon information and belief, the legal requirements detailed in the architectural drawings included the design and construction standards that mandate the provision of physical access for persons with physical disabilities at the 4569 Amboy Strip Mall. *See Id.*

70. Upon information and belief, the design and construction standards contained in the architectural drawings included:

i. the accessibility provisions of the 1968 New York City Building Code, N.Y.C. Admin. Code § 27-292.1 *et seq*. (the "1968 BC"), inclusive of ANSI A117.1-1986 as modified by 1968 BC Reference Standard RS 4-6 (the "1968 Ref Std"[2], and together with the 1968 BC, the "1968 NYC Standards");

ii. the accessibility provisions of the 2008 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*.[3] and Appendix E (the "2008 BC"), inclusive of ICC A117.1-2003 (the "2008 Ref Std") and together with the 2008 BC, the "2008 NYC Standards");

---

[2] See N.Y.C. Admin Code §§ 27-292.2 and Reference Standard 4-6.
[3] As such provisions (N.Y.C. Admin. Code § 28-1101 and Appendix E) existed prior to December 31, 2014, the effective date of the 2014 BC.

iii. the accessibility provisions of the 2014 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. and Appendix E (the "2014 BC"), inclusive of and ICC A117.1-2009[4] (the "2014 Ref. Std., and together with the 2014 BC, the "2014 NYC Standards").

iv. the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix A[5]; (hereinafter referred to as the "1991 ADA Standards"); and

v. the 2010 Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 Appendix A, subpart D (hereinafter referred to as the "2010 ADA Standards", and together with the 1991 ADA Standards, the "ADA Standards").

The 2014 NYC Standards, collectively with the 1968 NYC Standards and the 2008 NYC Standards, are referred to herein as the "NYC Standards". The ADA Standards together with the NYC Standards are collectively referred to herein as the "Accessibility Standards".

71. Upon information and belief, the Accessibility Standards were not complied with when 4569 Amboy Strip Mall was renovated, remodeled, and reconstructed.

72. When Defendant renovated, remodeled, and reconstructed the 4569 Amboy Strip Mall, Defendant had notice and knowledge of its obligation to comply with the Accessibility Standards.

73. Defendant therefore knowingly fails to comply with the Accessibility Standards.

74. Defendant also acts with deliberate indifference to the equal access rights of persons with disabilities due to its failure to comply with the Accessibility Standards.

---

[4] See N.Y.C. Admin Code § 28-1101.2 and Appendix E, § § E101 and E112.
[5] Republished in 28 CFR part 36 Appendix D on Sept. 15, 2010. 28 C.F.R. § 36.104, 75 Fed. Reg. 56236, 56237 (September 15, 2010).

10

75. Upon information and belief, the agreements by which Defendant finances, operates, and leases the 4569 Amboy Strip Mall provide that the property must comply with the Human Rights Laws.

76. Upon information and belief, the agreements by which Defendant finances, operates, and leases the 4569 Amboy Strip Mall, provide that the property must comply with the Accessibility Standards.

77. Defendant Jeffrey Inc. is aware of its obligation to provide an accessible place of public accommodation.

78. As Defendant Jeffrey Inc. is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Human Rights Laws.

79. As Defendant Jeffrey Inc. is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Accessibility Standards.

80. As a result of Defendant's failure to comply with the Accessibility Standards, the services, features, elements, and spaces of the 4569 Amboy Strip Mall are not accessible to Plaintiff as required by the Human Rights Laws. *See* 42 U.S.C. § § 12182(a), § 12183(a), and § 12186(b); N.Y. Exec. Law § 296(2)(a); and N.Y.C. Admin. Code § 8-107(4).

81. Because Defendant fails to comply with the Accessibility Standards Plaintiff was, and remains, unable to enjoy safe and equal access to the 4569 Amboy Strip Mall a place of public accommodation.

82. Architectural barriers which Plaintiff encountered and that deter him from patronizing the 4569 Amboy Strip Mall include, but are not limited to, the following:

I.   No accessible parking spaces.
     *Defendant fails to provide the minimum required number of accessible parking spaces. See 1991 ADA Standards § 4.1.2(5)(a); 2010 ADA Standards § 208.2.2; and 2014 NYC Standards § 1106.1.*

II.  No accessible parking spaces that are dispersed and located on the shortest accessible routes to the accessible entrances they serve.
     *Defendant fails to provide that accessible parking spaces are dispersed and located on the shortest accessible route to accessible entrances. See 1991 ADA Standards § 4.6.2; 2010 ADA Standards § 208.3.1; and 2014 NYC Standards § 1106.6.*

III. No parking spaces are van accessible, nor are they labeled van accessible.
     *Defendant fails to provide the minimum required number of accessible van parking spaces. See 1991 ADA Standards § 4.1.2(5)(b); 2010 ADA Standards § 208.2.4; and 2014 NYC Standards § 1106.5.*

IV.  No signage designating accessible parking spaces as van accessible.
     *Defendant fails to provide signage that contains the designation "van accessible" at van accessible parking spaces. See 1991 ADA Standards § 4.6.4; 2010 ADA Standards § 502.6; and 2014 NYC Standards § 502.7.*

V.   No accessible parking spaces with marked access aisles that are 60 inches wide minimum for the full length of the accessible space.
     *Defendant fails to provide accessible parking spaces with access aisles that are 60 inches wide minimum, extend the full length of the parking spaces they serve, and are marked so as to discourage parking in them. See 1991 ADA Standards § 4.6.3; 2010 ADA Standards § 502.3; and 2014 NYC Standards § 502.4.*

VI.  No accessible route from accessible parking spaces to the pedestrian walkway.
     *Defendant fails to provide an accessible route within the site from accessible parking to the building (store) entrances. See 1991 ADA Standards § 4.1.2(1); 2010 ADA Standards § 206.2.1; and 2014 NYC Standards § 1104.1.*

VII. No accessible curb ramps along the route from accessible parking spaces to the building (store) entrances.
     *Defendant fails to provide accessible curb ramps with flares that are not steeper than 1:10. See 1991 ADA Standards § 4.7.5; 2010 ADA Standards § 406.3; and 2014 NYC Standards § 406.3.*

*VIII.* No accessible route from parking to building (store) entrances with a minimum width of 36 inches.
*Defendant fails to provide an accessible route from the parking lot to the building (store) entrances that is a minimum of 36 inches wide. See 1991 ADA Standards § 4.3.3 Width. 2008 NYC Standards § 403.5 1968 NYC Standards § 4.3.3.(In addition, at points where a person in a wheelchair must make a turn around an obstruction, the minimum clear width of the accessible route is narrower than required.)*

*IX.* No accessible route without obstruction as the pedestrian pathway between store entrances is obstructed by equipment and trade fixtures, for example, an ice machine.
*Defendant fails to provide an accessible route from the parking lot to the building (store) entrances that is unobstructed and provides a minimum clear width of 36 inches wide. See 1991 ADA Standards § 4.3.3 Width. 2008 NYC Standards § 403.5 1968 NYC Standards § 4.3.3.(In addition, at points where a person in a wheelchair must make a turn around an obstruction, the minimum clear width of the accessible route is narrower than required.)*

83. Upon information and belief, a full inspection of the 4569 Amboy Strip Mall will reveal the existence of other barriers to access.

84. To properly remedy Defendant' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the 4569 Amboy Strip Mall so that he may catalogue other architectural barriers and have Defendant remediate the 4569 Amboy Strip Mall so that it is accessible to him.

85. Plaintiff therefore gives notice that, to the extent not contained in this Complaint, he intends to amend his Complaint to include any violations of the Accessibility Standards or Human Rights Laws discovered during an inspection of the 4569 Amboy Strip Mall.

86. Defendant denies Plaintiff the opportunity to participate in or benefit from its services and accommodations because of disability.

87. Defendant provides Plaintiff and similarly situated disabled persons with lesser opportunity to enjoy the facilities, goods, services, offerings, and accommodations of the 4569 Amboy Strip Mall, than the opportunity Defendant provides to non-mobility impaired customers.

88. Upon information and belief, Defendant provides non-mobility impaired persons with the physical access Defendant is legally obligated to provide under the N.Y.C. Admin. Code and the N.Y. Executive Law.

89. In stark contrast, Defendant fails to provide Plaintiff and other mobility impaired persons with the physical access Defendant is legally obligated to provide under the N.Y.C. Admin. Code and the N.Y. Executive Law.

90. Defendant's discriminatory policy is clear: Inclusion for non-mobility impaired persons; Exclusion for mobility-impaired persons.

91. Defendant discriminates against Plaintiff, as based on disability, it treats him, and other individuals with mobility disabilities, worse than non-mobility impaired persons.

92. Defendant continues to discriminate against Plaintiff and other mobility impaired customers by limiting and reducing the options available to disabled patrons as compared to the options available to nondisabled customers.

93. Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures comply with the Human Rights Laws.

94. Defendant has not provided accommodations or modifications so that Plaintiff and other persons with disabilities can have equal opportunity with respect to the 4569 Amboy Strip Mall.

95. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the Human Rights Laws. This threat is particularly evidenced by the existence of barriers to access at the 4569 Amboy Strip Mall that deter and deny Plaintiff access based on disability.

96. Plaintiff continues to be obstructed and deterred from visiting the 4569 Amboy Strip Mall due to the barriers to access that Defendant maintains at the property.

97. Plaintiff desires that Defendant remove the architectural barriers at the 4569 Amboy Strip Mall so he can have equal access to it and avail himself of the offerings therein.

## ALLEGATIONS RELATED TO TESTER STATUS

98. In addition to desiring equal access to the 4569 Amboy Strip Mall for himself, Plaintiff also acts as an independent advocate for the rights of similarly situated persons with disabilities.

99. Plaintiff desires that other similarly situated persons do not have their rights to equal access to Defendant' place of public accommodation, the 4569 Amboy Strip Mall violated by Defendant.

100.    So that other individuals with disabilities that require wheelchairs benefit from his advocacy, Plaintiff is a "tester" for the purpose of protecting and enforcing, the equal access rights of similarly situated persons with disabilities at places of public accommodation and commercial facilities.

101.    As a tester Plaintiff acts to determine and ensure that places of public accommodation and commercial facilities are compliant with the ADA and the ADA Standards.

102.    Plaintiff therefore monitors places of public accommodation and commercial facilities to determine that they comply with the ADA and the ADA Standards.

103.    Plaintiff will monitor the 4569 Amboy Strip Mall to determine and ensure that it complies with the ADA and the ADA Standards.

104.    In addition to his desire to return to the 4569 Amboy Strip Mall and the 4569 Amboy Road commercial facility for himself, Plaintiff intends to return to the 4569 Amboy Strip Mall to monitor Defendant's compliance with its obligations under the ADA and the ADA Standards as a means of enforcing his and other similarly situated persons right to equal access.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

105.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

106.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. 42 U.S.C. § 12102; 28 C.F.R. § 36.105(a) and (b).

107.    As a direct and proximate result of Plaintiff's disability, Plaintiff requires a wheelchair for mobility and has restricted use of his arms and hands.

108.    "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b).

109.    The ADA imposes joint and several liability on each of the owner of a building in which a place of public accommodation is located, the lessor of space in a building to a place of public accommodation, the lessee of space in a building for a place of public accommodation, and the owner or operator of the place of public accommodation. *See* 28 C.F.R. § 36.201(b).

110.    Therefore, pursuant to the ADA, Defendant as owner, operator, and lessor of the 4569 Amboy Strip Mall, a place of public accommodation is liable to Plaintiff. *See Id.*

111.    Defendant cannot avoid liability under the ADA by transferring its obligations to comply with the ADA to another entity. 28 C.F.R. 36.201(b).

112.    Defendant continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to access the 4569 Amboy Strip Mall on the basis of disability.

113.    Defendant's policies and practices continue to subject Plaintiff to disparate treatment and disparate impact.

114.    By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are neither desired nor welcome as patrons of the 4569 Amboy Strip Mall.

115.    Defendant performed design and construction work to the 4569 Amboy Strip Mall but failed to perform the work so that its place of public accommodation, the 4569 Amboy Strip Mall, complies with the 1991 ADA Standards or the 2010 ADA Standards.

116.    Because 4569 Amboy Strip Mall does not comply with the ADA Standards it is not readily accessible to and usable by Plaintiff due to his mobility disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

117.    Defendant discriminates against Plaintiff in violation of the ADA as it built a place of public accommodation that is not accessible to Plaintiff based on disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

118.    Defendant fails to provide an integrated and equal setting for the disabled at the 4569 Amboy Strip Mall premises in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

119.    In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendant failed to make the 4569 Amboy Strip Mall compliant with the ADA Standards to the maximum extent feasible when it performed work that constituted alterations to the 4569 Amboy Strip Mall's space.

120.    Defendant failed to provide "readily accessible and usable" paths of travel to the altered primary function areas of the 4569 Amboy Strip Mall in violation of 28 C.F.R. § 36.403.

121.    Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access at the 4569 Amboy Strip Mall in violation of 28 C.F.R. § 36.304.

122.    It has been and remains readily achievable for Defendant to make the 4569 Amboy Strip Mall accessible by complying with the ADA Standards.

18

123.     By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

124.     In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal to the extent Defendant allege that the removal of any of the barriers to access was, and remains, not readily achievable. 28 C.F.R. § 36.305.

125.     Defendant' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

126.     Defendant continues to discriminate against Plaintiff in violation of the ADA by maintaining a place of public accommodation, the 4569 Amboy Strip Mall, which is not compliant with the ADA Standards, and therefore not accessible.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

127.     Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

128.     Plaintiff suffers from medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.

129.     As a result of his impaired bodily functions, Plaintiff suffers from a disability within the meaning of the N.Y. Exec. Law § 292(21).

130.    The State HRL guarantees the right of all individuals to equal opportunity with respect to places of public accommodations, regardless of disability. N.Y. Exec. Law §§ 290 and 291.

**Section § 296(2) Violations: Denial of Equality of Opportunity.**

131.    To protect the guaranteed right of persons with disabilities to equal access, the State HRL provides that it is an unlawful discriminatory practice for owners, lessees, and operators of places of public accommodation "directly or indirectly to refuse, withhold from or deny any of the accommodations, advantages, facilities or privileges" of its place of public accommodation to a person because of disability. N.Y. Exec. Law § 296(2)(a).

132.    Defendant engages in an unlawful discriminatory practice in violation of the State HRL as it directly or indirectly denies Plaintiff "equal opportunity" (*i.e.*, equal access) to enjoy the offerings of its place of public accommodation. N.Y. Exec. Law 296(2)(a).

133.    Defendant engages in an unlawful discriminatory practice prohibited by the State HRL as it created and maintains a place of public accommodation, 4569 Amboy Strip Mall, which is not accessible to Plaintiff due to disability. N.Y. Exec. Law § 296(2)(a).

134.    Defendant continues to discriminate against Plaintiff in violation of the State HRL by maintaining an inaccessible place of public accommodation. N.Y. Exec. Law § 296(2).

135.    Defendant has subjected Plaintiff to disparate treatment by denying Plaintiff equal access to the 4569 Amboy Strip Mall, its place of public accommodation, because Plaintiff is disabled.

136.    Defendant continues to subject Plaintiff to disparate treatment by denying Plaintiff equal access to the 4569 Amboy Strip Mall because Plaintiff is disabled.

**Section § 296(2)(c) Violations: Failure to Make Readily Achievable Accommodations and Modifications.**

137.    Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access at the 4569 Amboy Strip Mall in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(iii).

138.    It remains readily achievable for Defendant to remove the barriers to access at the 4569 Amboy Strip Mall.

139.    Defendant cannot demonstrate that the removal of the barriers to access at the 4569 Amboy Strip Mall is not readily achievable. N.Y. Exec. Law § 296(2)(c)(iii) and (v).

140.    Alternatively, should Defendant demonstrate that it is not readily achievable the remove any barriers to access at the 4569 Amboy Strip Mall, Defendant discriminates in violation of the State HRL as it fails to provide Plaintiff and other persons with disabilities, equal opportunity to enjoy the privileges, advantages, and accommodations it offers at the 4569 Amboy Strip Mall through alternative methods. N.Y. Exec. Law § 296(2)(c)(v).

141.    It would be readily achievable to make 4569 Amboy Strip Mall accessible through alternative methods.

142.    Defendant has failed to make reasonable modifications to its policies, practices, and procedures necessary to provide Plaintiff with access to the 4569 Amboy Strip Mall, and the privileges, advantages, or accommodations it offers therein in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(i).

143.    Defendant cannot demonstrate that modifying its policies, practices and procedures would fundamentally alter the nature of the 4569 Amboy Strip Mall or the privileges, advantages, or accommodations it offers.

144.    In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(v).

145.    It is and would have been readily achievable for Defendant to make 4569 Amboy Strip Mall accessible to persons with disabilities.

146.    It does not and would not have imposed an undue hardship or undue burden on Defendant to have made the 4569 Amboy Strip Mall accessible for persons with disabilities.

**Section 300: The State HRL's Liberal Construction Requirement.**

147.    In 2019, the New York State legislature amended the Executive Law to provide increased protections for classes protected by the State HRL. N.Y. Exec. Law § 300, as amended by Chapter 160 of the Laws of 2019, § 6.

148.    The 2019 amendment added language at the start of the State HRL's Construction section (N.Y. Exec. Law § 300) to explain that the law must be:

> construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with

22

provisions worded comparably to the provisions of this article, have been so construed.

*Id*.

149.    With the 2019 amendment, the State HRL is no longer coextensive with federal anti-discrimination law.

150.    Defendant's conduct is therefore subject to a significantly stricter standard under the State HRL than under Federal anti-discrimination laws, including the ADA.

151.    The State HRL's stricter standards include those situations where the ADA has provisions that are comparably worded to the State HRL's provisions. *Id*.

152.    Defendant must therefore provide an accessible place of public accommodation in instances where the ADA does not require Defendant to provide accessibility.

153.    As a direct and proximate result of Defendant's unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

154.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

155.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

156.    Plaintiff suffers from medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

23

157.     Due to his impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL. N.Y.C. Admin. Code § 8-102.

**Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.**

158.     The City HRL guarantees the right of all individuals, regardless of disability, to equal opportunity (*i.e.*, equal access) to places of public accommodations.

159.     "Equal access, in the words of the City HRL, is the opportunity to have "full and equal enjoyment, on equal terms and conditions" to the accommodations, advantages, services, facilities, and privileges of a place of public accommodation. N.Y.C. Admin. Code § 8-107(4).

160.     Defendant engages in an unlawful discriminatory practice prohibited by the City HRL as it maintains a place of public accommodation, the 4569 Amboy Strip Mall, which is not accessible to Plaintiff due to disability. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

161.     Defendant is also liable for the conduct of its employees and agents which resulted in a place of public accommodation which is not accessible. N.Y.C. Admin. Code § 8-107(13).

162.     Because Defendant maintains a place of public accommodation that is not accessible to Plaintiff due to disability, Defendant directly and indirectly "refuse, withhold from, or deny" Plaintiff equal opportunity to enjoy the "accommodations, advantages, services, facilities or privileges" of the 4569 Amboy Strip Mall due to his disability.

24

163.    Defendant's policies and procedures inclusive of its policies of refusing to expend funds to design, create and maintain an accessible place of public accommodation is a discriminatory practice in violation of City HRL. N.Y.C. Admin. Code § 8-107 (4).

164.    Defendant's failure to construct and maintain an accessible entrance from the public sidewalk to the 4569 Amboy Strip Mall constitutes disability discrimination in a violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a); *See* also N.Y.C. Admin. Code § 19-152 and § 7-210.

165.    Defendant's failure to provide an accessible place of public accommodation and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

166.    Defendant discriminates against Plaintiff as it subjects him to disparate impact in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4).

167.    Defendant subjects Plaintiff to disparate impact as it directly and indirectly denies Plaintiff equal opportunity to enjoy the accommodations, advantages, facilities, and privileges of the 4569 Amboy Strip Mall because of his disability.

168.    Defendant's policies or practices, "whether neutral on their face and [or] neutral in intent"[6] result in a disparate impact to the detriment of the individuals with mobility disabilities, the protected class of which Plaintiff is a member. *See* N.Y.C Admin. Code § 8-107(17).

---

[6] *Levin v Yeshiva Univ.*, 96 NY2d 484, 489(2001).

169. Defendant's failure to comply with the NYC Building Code as well as its failure to expend monies to upgrade and alter the 4569 Amboy Strip Mall to remove obsolete features such as changes in level between the parking lot and the pedestrian pathway, are policies and practices that have a significantly adverse and disproportionate impact on Plaintiff and others with mobility disabilities.

170. Because the result of Defendant's policies and practices is a place of public accommodation that is not accessible to people with mobility disabilities, Plaintiff has demonstrated that Defendant's policy or practice has a disproportionately negative impact on the disabled including Plaintiff.

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

171. Defendant also discriminates against Plaintiff in violation of the City HRL as it has not made reasonable accommodations for the needs of persons with disabilities. N.Y.C. Admin. Code § 8-107(15)(a).

172. Defendant's failure to make reasonable accommodations include its failure to remove the architectural barriers to access detailed in Paragraph 82 herein. *See Id*.

173. Defendant has known, or should have known, that members of the public, which includes current and prospective patrons such as Plaintiff, have mobility disabilities.

174. Defendant has known, or should have known, reasonable accommodations (including by failing to remove the architectural barriers to access detailed in Paragraph 82 herein) are required so that persons with mobility disabilities can have the equal opportunity to enjoy Defendant's offerings at the 4569 Amboy Strip Mall.

26

175.    It would not cause undue hardship in the conduct of the Defendant's business to remove the architectural barriers to access detailed in Paragraph 82 herein as reasonable accommodation for persons with disabilities.

176.    Defendant cannot demonstrate that it would cause undue hardship to the conduct of its business to remove the architectural barriers to access detailed in Paragraph 82 herein as reasonable accommodation for persons with disabilities.

177.    Defendant' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendant's failure to remove the barriers to access identified in Paragraph 82 herein, and its consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

**Section 8-130: The City HRL's Construction and Maximally Protective Role.**

178.    To further the City HRL's "uniquely broad remedial purposes" (Local Law No. 85 (2005) of City of New York § 7) and to ensure that it the law is "maximally protective of civil rights in all circumstances" (Local Law No. 35 (2016) of City of New York § 1), the New York City Council amended the City HRL's Construction provision, N.Y.C. Admin. Code § 8-130, in 2005 and 2016. Local Law 85 (2005), and Local Law 35 (2016).

179.    The 2005 and 2016 amendments confirm that the City HRL is not coextensive with federal or state civil rights laws "regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably worded to provisions of this title, [the City HRL,] have been so construed". N.Y.C. Admin. Code § 8-130(a), as amended by Local Law 85§ 7 and Local Law 35 § 2.

27

180.     The 2005 and 2016 amendments instead provide that the City HRL's

protections are cumulative to the protections provided by federal or state civil rights laws,

as the City HRL must "be interpreted liberally and independently of similar federal and

state provisions" to accomplish the City HRL's uniquely broad and remedial purposes "as

one of the most expansive and comprehensive human rights laws in the nation". Rep of

Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law

Bill Jacket, Local Law No. 35 (2016) of City of NY (Adding to Local Law 85 § 1's

already explicit language which provided that the obligations imposed on entities subject

to the City HRL by "similarly worded provisions of federal and state civil rights laws

[are] as a floor below which the City's Human Rights law cannot fall.").

181.     The 2016 Amendments to the City Human Rights Law additionally direct

that "[e]xceptions to and exemptions from the provisions of this title [(the City HRL)]

shall be construed narrowly in order to maximize deterrence of discriminatory conduct".

N.Y.C. Admin. Code § 8-130(b), as amended by Local Law 35 (2016) § 2.

182.     Due to the above-referenced amendments, the New York City Human

Rights Law provides significantly greater protections to its protected classes "in all

circumstances" than what the ADA and State HRL provide to persons in the same

protected classes.

183.     Defendant's conduct is therefore subject to a markedly stricter standard

under the City HRL than under Federal and state anti-discrimination law

184.     To the extent that Defendant escapes liability under the ADA or State

HRL, Defendant's liability under the City HRL for its conduct alleged herein must be

determined separately and independently from its liability under the ADA or State HRL. N.Y.C. Admin. Code § 8-130, as amended by Local Law 85 and Local Law 35.

185.    Conversely to the extent that Defendant's conduct alleged herein violates the ADA or State HRL, Defendant automatically violates the City HRL.

186.    Therefore, Defendant's violations of the ADA, the ADA Standards, and the State HRL alleged herein constitute discrimination under the City HRL.

187.    Defendant continues to discriminate based on disability in violation of the City HRL (N.Y.C. Admin. Code § 8-107(4)) due to its ongoing violations of the ADA, the ADA Standards, and the State HRL alleged herein.

188.    The City HRL's stricter standards also apply in situations where the ADA and the State HRL have provisions that are worded similarly to the City HRL's provisions. N.Y.C. Admin. Code § 8-130.

189.    Defendant must therefore provide an accessible place of public accommodation, regardless of its obligation to provide accessibility under similarly worded provisions of the ADA or the State HRL.

190.    Defendant's conduct constitutes an ongoing and continuous violation of the City HRL.

191.    Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

192.    Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of Defendant's place of public accommodation.

193.    As a direct and proximate result of Defendant's unlawful discrimination in violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, stress, and embarrassment.

194.    Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the City HRL.

195.    By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

196.    Defendant engages in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard.

197.    Due to Defendant's conduct, Plaintiff is entitled to an award of punitive damages pursuant to City HRL N.Y.C. Admin. Code § 8-502.

198.    By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by diverting monies Defendant should have spent to provide an accessible space to itself.

199.    By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.

200.    The amounts Defendant diverted to itself, and the unlawful revenues it gained, plus interest must be disgorged.

201.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

202.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

203.    Defendant continues to discriminate against Plaintiff in violation of the State HRL. N.Y. Exec. Law § 290 *et seq.*

204.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by N.Y. CRL §§ 40-c and 40-d for each and every violation.

205.    Notice of this action has been served upon the Attorney General as required by N.Y. CRL § 40-d.

## INJUNCTIVE RELIEF

206.    Plaintiff will continue to experience unlawful discrimination as a result of Defendant' failure to comply with the above-mentioned laws. Therefore, injunctive relief Ordering Defendant to alter and modify its place of public accommodation to comply with the Accessibility Standards and the Human Rights Laws, is necessary.

207.    Injunctive relief is necessary to make Defendant' place of public accommodation readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

208.    Injunctive relief is also necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, State HRL, and the City HRL.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, the State HRL, and the City HRL, and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.  Issue a permanent injunction ordering Defendant to close the 4569 Amboy Strip Mall to the public until Defendant removes all violations of the ADA, the 1991 ADA Standards or the 2010 ADA Standards, the State HRL and the City HRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendant's violations of the State HRL and the City HRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendant for its violations of the City HRL;

F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to N.Y. CRL §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA, the State HRL, and City HRL; and

H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: November 15, 2022
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:/s_____
Adam S. Hanski, Esq.
Attorneys for Plaintiff
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com